# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

ALVIN Y. BROOKS,          )
                                )
          Petitioner,      )
       v.                 )      Civil Action No. 11-430-GMS
                                )
DAVID PIERCE, Warden, and    )
ATTORNEY GENERAL OF THE    )
STATE OF DELAWARE,        )
                                )
          Respondents.[1]  )

---

Alvin Y. Brooks. *Pro se* petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for respondents.

---

## MEMORANDUM OPINION

June 3 , 2014
Wilmington, Delaware

---

[1] Warden David Pierce replaced former Warden Perry Phelps, an original party to this action. *See* Fed. R. Civ. P. 25(d).

Sleet, Chief Judge

Petitioner Alvin Y. Brooks ("Brooks") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition"). (D.I. 1)  The State filed an answer in opposition. (D.I. 9)  For the following reasons, the court will deny the application as time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2244.

## I.  BACKGROUND

In May 2006, Brooks was arrested and subsequently indicted on, *inter alia*, three counts of first degree murder and one count of attempted murder.  On April 2, 2007, Brooks pled guilty to one count of first degree murder and one count of attempted murder.  The Superior Court sentenced him to life imprisonment on June 8, 2007. (D.I. 11, State's App. to Ans. Br. in *Brooks v. State*, No.282,2008, Del. Super. Ct. Crim. Dkt. Entry No.41)  Brooks did not appeal his convictions or sentence.

On June 29, 2007, Brooks filed his first *pro se* motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion").  *See State v. Brooks*, 2008 WL 624995 (Del. Super. Ct. Mar. 10, 2008).  He filed a supplement to that motion in September 2007.  On March 10, 2008, the Superior Court denied Brooks' Rule 61 motion and supplement. *Id.*  Brooks did not appeal that decision.  Instead, the very next day he filed a second Rule 61 motion, which the Superior Court denied on May 7, 2008.  *See Brooks v. State*, 968 A.2d 491 (Table), 2009 WL 595577, at *1 (Del. Mar. 9, 2009). The Delaware Supreme Court affirmed that decision on March 9, 2009. *Id.*

## II.  DISCUSSION

Brooks' habeas petition asserts the following two grounds for relief:  (1) his guilty plea was coerced; and (2) defense counsel provided constitutionally ineffective assistance.  The State

filed an answer, arguing that the petition should be dismissed as time-barred or, alternatively, for failing to satisfy § 2254(d). (D.I. 9)

### A. One Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Brooks' petition, filed in 2011, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. Brooks does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Thus, the one-year period of limitations in this case began to run when Brooks' conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of

2

the time period allowed for seeking direct review. *See Kapral v. United States*, 166 F.3d 565,

575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware

Superior Court sentenced Brooks on June 8, 2007, and he did not appeal. Therefore, Brooks'

conviction became final on July 9, 2007. *See* Del. Supr. Ct. R. 6(a)(ii)(establishing a 30 day

period for timely filing a notice of appeal). Accordingly, to comply with the one-year limitations

period, Brooks had to file his § 2254 petition by July 9, 2008. *See Wilson v. Beard*, 426 F.3d 653

(3d Cir. 2005)(holding that former Federal Rule of Civil Procedure 6(a), (e) applies to federal

habeas petitions).

Brooks did not file his habeas petition until May 5, 2011,[2] almost three full years after the

expiration of AEDPA's statute of limitations. Thus, the petition is time-barred, unless the

limitations period can be statutorily or equitably tolled. *See Holland v. Florida*, 560 U.S. 631,

645 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2)(statutory tolling). The court will discuss

each doctrine in turn.

### B. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed application for state collateral review tolls

AEDPA's limitations period during the time the application is pending in the state courts,

including any post-conviction appeals, provided that the application is filed during AEDPA's

one-year limitations period. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000). However,

the limitations period is not tolled during the ninety-days a petitioner has to file a petition for a

writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-

---

[2]Pursuant to the prisoner mailbox rule, the court adopts the date on the petition, May 5, 2011, as the filing date. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

On June 29, 2007, Brooks filed his first Rule 61 motion, and he supplemented that Rule 61 motion on September 19, 2007. The Superior Court denied the Rule 61 motion and supplement on March 10, 2008. *See Brooks*, 2008 WL 624995. Brooks did not appeal that decision. Instead, the very next day, on March 11, 2008, Brooks filed a second Rule 61 motion, which the Superior Court denied on May 7, 2008. *See Brooks v. State*, 968 A.2d 491 (Table), 2009 WL 595577 (Del. Mar. 9, 2009). Brooks did appeal the Superior Court's denial of his second Rule 61 motion, and the Delaware Supreme Court affirmed that decision on March 9, 2009. *Id.* Thus, together, Brooks' Rule 61 motions tolled the limitations period from June 29, 2007 through March 9, 2009.

Because Brooks filed his first Rule 61 motion before his judgment of conviction was final, he still had one full year to file a federal habeas petition when the tolling from his Rule 61 motions ceased on March 9, 2009. The limitations clock started to run on March 10, 2009, and ran the entire 365 days of AEDPA's limitations period without interruption until the limitations period expired on March 10, 2010. Thus, even after accounting for the statutory triggered by Brooks' Rule 61 motions, the instant petition was not timely filed. Accordingly, the petition must be dismissed as time-barred, unless equitable tolling applies.

### B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 648-49 (emphasis added). Equitable tolling is not available where the late filing is due to

the petitioner's excusable neglect. *Id.*; *Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). Consistent with these principles, the Third Circuit has explained that equitable tolling of AEDPA's limitations period may be appropriate in the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones,* 195 F.3d at 159; *Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

Brooks does not allege, and the court cannot discern, that any extraordinary circumstances prevented him from filing his habeas petition with this court in a timely manner. To the extent Brooks' untimely filing was the result of a miscalculation regarding the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004).

For all of these reasons, the court concludes that the doctrine of equitable tolling is not available to Brooks on the facts he has presented. Accordingly, the court will dismiss the petition as time-barred.[6]

## III.   CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district

---

[6]The court's conclusion that the instant petition is time-barred obviates the need to discuss the State's alternate reason for denying the petition.

court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that Brooks' petition filed pursuant to 28 U.S.C. § 2254 is time-barred. The court is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

## IV.   CONCLUSION

For the reasons discussed, the court will deny as time-barred Brooks' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

An appropriate order will be entered.

6